UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:13-CR-00036-JRG-DHI-1 |
| | ) | |
| CHRISTOPHER MICHAEL VAUGHAN | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docs. 19, 23] and motion for appointment of counsel [Doc. 20]. The United States filed a response in opposition [Doc. 22]. For the reasons that follow, Defendant's motions will be denied.

I. **BACKGROUND**

On September 11, 2013, Defendant was sentenced to a net term of 420 months of imprisonment and a net five-year term of supervised release based on his convictions for three counts of robbery in violation of the Hobbs Act 18 U.S.C. § 1951; one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); and two counts of brandishing during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (C)(ii) [Doc. 10].

In 2019, Defendant filed a motion with the Court requesting a sentence reduction pursuant to Section 403 of the First Step Act of 2018[1], which provided that the enhanced mandatory minimum for convictions under § 924(c) only applied if the defendant's "second or subsequent" § 924(c) conviction became final in a prior criminal action. The Court found that Defendant was

---
[1] Pub. L. 115-391.

not eligible for resentencing because Congress did not make Section 403 of the Act retroactive and Defendant's sentence was imposed over five years before the 2018 Act was enacted [Doc. 18].

Defendant is presently housed at Jessup Federal Correctional Institution and according to the Bureau of Prisons ("BOP"), his projected release date is October 7, 2042. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited February 4, 2022). He moves for compassionate release based on Section 403 of the First Step Act of 2018.

## II. COMPASSIONATE RELEASE

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3)

2

the court has "considered the factors…in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### A. Exhaustion

Defendant filed a request to be considered for compassionate release with the BOP on December 26, 2020 and his request was denied on April 1, 2021 [*See* Doc. 22-1]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

### B. 18 U.S.C. § 3553(a) Factors

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 F.3d at 519. In this case, the § 3553(a) factors weigh against compassionate release, so the Court need not address whether Defendant has shown extraordinary and compelling reasons for release. Under 18 U.S.C. § 3553(a), the Court considers the following factors in determining the sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>   (A) the applicable category of offense committed by the applicable category of

>     defendant as set forth in the guidelines—
>
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . .

First, the Court considers the criminal conduct at issue in this case. The following facts were made part of the record at the time of defendant's change of plea:

> On February 26, 2016 at approximately 11:31 p.m. in the Eastern District of Tennessee, the Scotchman convenience store at 1290 Volunteer Parkway, Bristol, Tennessee, was robbed by the defendant. The defendant brandished a handgun and demanded money from the cashier. The clerk gave the defendant money, and defendant left the store. . . .
>
> Approximately 22 minutes later, at 11:53 p.m. on February 26, 2012, again in the Eastern District of Tennessee, the Roadrunner convenience store at 1716 Volunteer Parkway, Bristol, Tennessee was robbed by the defendant. The defendant brandished a handgun, told the clerk to put money in the bag, and told her he was not going to hurt her. When he got the money, he told her to look down and count to twenty before she called 911. . . .
>
> On February 27, 2012, at approximately 8:37 p.m. in the Eastern District of Tennessee, Belmont Package Company, 110 Belmont Drive, Bristol, Tennessee, was robbed by the defendant. The defendant brandished a handgun, demanded money and left the store with case belonging to the store. . . .
>
> Also on February 27, 2012, at approximately 4:52 p.m. in the Western District of Virginia, the defendant entered the New Peoples Bank, 75 Commonwealth Avenue, Bristol, Virginia, brandished a firearm, demanded and received United States currency from the bank teller and left the bank. . . .
>
> Officers obtained a search warrant for defendant's residence. When the officers got to the residence, the defendant was at the residence in his vehicle. Defendant told the officers that he had firearms in a bedroom closet. Two firearms were found in the closet, along with the blue hooded sweatshirt and the Detroit Tigers cap used in the robbery. Vaughan gave a full written confession to the robberies admitting that he committed them with a .22 caliber pistol.

[Presentence Report, ¶¶ 7–12].

The Court finds that Defendant's offenses were both serious and violent. The gravity of his offenses emphasizes the need for adequate deterrence, just punishment, and protection of the public from future offenses by the defendant.

The Court also considers Defendant's criminal history. Defendant's past convictions consist of two petty theft offenses from 2009 and several driving related offenses from 2011. [Presentence Report, ¶¶ 60–63]. The Defendant's criminal history is not extensive. However, he admits that he has incurred twelve disciplinary incidents while incarcerated [Doc. 23 at 2].

When reviewing the § 3553(a) factors, this Court may consider the amount of time that a defendant has served on a sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In this case, Defendant was sentenced to a total term of imprisonment of 420 months [Doc. 10] and his projected release date is October 7, 2042, approximately 248 months from now. The Court finds that the significant period of time Defendant has left to serve on his sentence weighs against compassionate release.

Defendant cites Section 4 of the First Step Act as the primary reason he should be released [Doc.19]. He contends that he would not be subject to "stacked" mandatory minimum sentences if sentenced today [*Id*.]. A district court may consider a change in sentencing law when assessing whether the § 3553(a) factors favor granting a compassionate release motion. *See United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021). The Court has considered Defendant's argument, but finds that it is outweighed by the other § 3553(a) factors. The Court also acknowledges Defendant's rehabilitative efforts and his desire to be with his family [*see* Doc. 23].

5

After considering the applicable § 3353(a) factors and all evidence of record, the Court finds that the § 3353(a) factors do not warrant compassionate release at this time. A sentence reduction in this case would not reflect the seriousness of the offense of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of this defendant. The Court recognizes that Defendant was subject to a more severe punishment regime than exists today. However, Congress has not made Section 403 of the First Step Act retroactive, and on the record before the Court, the sentencing factors weigh against early release.

### III. APPOINTMENT OF COUNSEL

The Court now turns to Defendant's motion to appoint counsel [Doc. 20]. Pursuant to Standing Order 21-09, Federal Defender Services of Eastern Tennessee ("FDSET") has been directed to represent any defendant who files a pro se motion under § 3582(c)(1)(A), who requests counsel for filing such a motion, or who contacts FDSET about filing such a motion, if FDSET determines filing the motion would not be frivolous. SO-21-09. Pursuant to this Court's Standing Order 21-09, FDSET has already been appointed to represent Defendant. FDSET has filed notice that, after a review of Defendant's case, it does not intend to submit any supplemental motions [Doc. 21].

### IV. CONCLUSION

For the reasons set forth above, Defendant's motions [Docs. 19, 20, 23] are **DENIED**. .

So ordered.

ENTER:

                                        s/J. RONNIE GREER
                                   UNITED STATES DISTRICT JUDGE