# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:13-CR-36 |
| ) | |
| CHRISTOPHER MICHAEL VAUGHAN ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Christopher Michael Vaughan's Motion to Reduce Sentence pursuant to the First Step Act [Doc. 25]. The United States filed a Response in Opposition [Doc. 27]. After careful review of the parties' arguments, the Court is prepared to rule on this motion.

### I. BACKGROUND

In September 2013, Mr. Vaughan was sentenced to a term of 420 months' imprisonment and a five-year term of supervised release [Judgment, Doc. 10]. Mr. Vaughan pleaded guilty to three counts of Hobbs Act robbery in violation of 18 U.S.C. § 2113(a), two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. 924(c), and one count of bank robbery in violation of 18 U.S.C. § 2113(a) [Change of Plea Hearing Minutes, Doc. 2].

In 2019, Mr. Vaughan filed a similar motion for a sentence reduction pursuant to Section 403 of the First Step Act because it provided that the enhanced mandatory minimum for convictions under § 924(c) only applied if the defendant's "second or subsequent" § 924(c) conviction became final in a prior criminal action [Motion to Reduce Sentence – First Step Act, Doc. 17]. Reasoning that Congress did not make Section 403 of the First Step Act retroactive, the Court denied Mr. Vaughan's motion [Doc. 18].

Mr. Vaughan then filed a subsequent motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docs. 19, 23]. This motion, although filed under a different statute, echoes Mr. Vaughan's original motion for a sentence reduction. In this subsequent motion, his primary argument was that pursuant to Section 403 of the First Step Act, he would not be subject to "stacked" mandatory minimum sentences if he was sentenced today [Pro Se Motion to Reduce Sentence, Doc. 19]. The Court recognized this change in law but reasoned once more that Congress had not made Section 403 of the First Step Act retroactive, making this argument less than persuasive [Memorandum Opinion and Order, Doc. 24]. Additionally, the Court acknowledged the § 3553(a) factors and decided that they weighed against Mr. Vaughan's release at that time [*Id.*]. As a result, his motion was denied.

Mr. Vaughan, through counsel, now files a third motion for a sentence reduction. His argument remains the same – that pursuant to the First Step Act, he would not be subject to the "stacked" mandatory minimum sentences if he was sentenced today, resulting in an 18-year sentencing disparity [Def. Mot., Doc. 25]. Since the filing of his last motion, the United States Sentencing Commission has recognized an "unusually long sentence" as an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A). U.S.S.G § 1B1.13(b)(6). However, the Sixth Circuit has since held § 1B1.13(b)(6) as invalid, and the Court cannot grant Mr. Vaughan's motion on these grounds.

## II. ANALYSIS

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting United States v. Curry, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of

imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts his administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request to the warden. Section § 3582(c)(1)(A) now states:

> (c) Modification of an imposed term of imprisonment. —The court may not modify a term of imprisonment once it has been imposed except that—
>
>   1. in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently

imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claims-processing rule. *United States v. Alam*, 960 F.3d 831, 833-36 (6th Cir. 2020). Here, Mr. Vaughan has provided adequate documentation of his pursuit of administrative remedies. Mr. Vaughan submitted a warden request for a reduction in sentence on January 23, 2024 [Def. Mot., Doc. 25, Exhibit 1]. At the time the motion was filed, May 25, 2024, thirty days had passed with no response from the warden. Therefore, Mr. Vaughan has exhausted his administrative remedies, and this Court may consider his motion.

Under § 3582(c)(1)(A), compassionate release is "discretionary, not mandatory," *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) (citation omitted), and the statute contains three substantive requirements that the Court must address in sequential order before it can grant compassionate release, *id.*; *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). First, the Court must determine that "extraordinary and compelling reasons warrant" a sentence reduction. *Ruffin*, 978 F.3d at 1004 (quoting § 3582(c)(1)(A)(i)). Second, the Court must determine that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (quoting § 3582(c)(1)(A)). And third, the Court must consider any applicable factors under § 3553(a) "and determine whether, in its discretion, the reduction authorized by [steps one and two]

is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010))).

**A. The First Requirement: Extraordinary and Compelling Circumstances**

When determining whether an inmate, in requesting compassionate release, has identified reasons that are extraordinary and compelling in nature, "courts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted). Section 1B1.13 states:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.
>
> USSG § 1B1.13(1)–(3).

Although § 1B1.13 does not define "extraordinary and compelling reasons," the guideline commentary's first application note lists four "circumstances" in which "extraordinary and compelling reasons" are present. One of those circumstances is an "unusually long sentence". The commentary states –

> (b)(6) If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.
>
> (c) Limitation on Changes in Law – Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

In his motion, Mr. Vaughan relies on § 1B1.13(b)(6) to argue that extraordinary and compelling circumstances exist as a basis for a sentence reduction. When Mr. Vaughan was sentenced, he was subject to two "stacking" convictions under 18 U.S.C. § 924(c). These stacking convictions alone subjected Mr. Vaughan to an additional 300 months of imprisonment. [Def. Mot.,

Doc. 25, at 1-2]. If Mr. Vaughan was sentenced today, he would be subject to 84 months rather than 300 months imprisonment for those stacking convictions, resulting in an 18-year sentencing disparity. [*Id*.]. Mr. Vaughan argues that such a disparity constitutes an "unusually long sentence" as described in § 1B1.13(b)(6), and that this disparity amounts to extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. 3582(c)(1)(A). [*Id*., at 6]. The change in law that results in such disparity stems from the First Step Act. Section 403 of the First Step Act, enacted after Mr. Vaughan's sentence was imposed, allows defendants to escape the mandatory minimum sentence in 18 U.S.C. § 924(c)(1)(C) if the defendant did not have a final conviction under the same statute at the time he committed the instant § 924(c) violation. First Step Act, § 403, 132 Stat. at 522. It is important to note, however, that Congress did not intend to make this change applicable to anyone sentenced under §924(c) prior to the date the First Step Act was enacted, December 21, 2019. *Id*. Mr. Vaughan was sentenced in September 2013 [Judgment, Doc. 10].

The United States focuses on the non-retroactivity of Section 403 of the First Step Act in its response. The government argues that a non-retroactive, post-sentence legal development cannot constitute extraordinary and compelling circumstances, and that the Sixth Circuit has already determined as much in *United States v. McCall*. [United States's Resp., Doc. 27, at 13]. In *McCall*, the Sixth Circuit determined that a non-retroactive change in the law, considered alone or along with other factors, cannot amount to extraordinary and compelling circumstances. *United States v. McCall*, 56 F.4th 1048, 1050 (6th Cir. 2022). However, after *McCall* was decided, the United States Sentencing Commission amended § 1B1.13 to include subsections (b)(6) and (c), as described above. This amendment led to Mr. Vaughan's instant motion, but the United States argues that the Sentencing Commission overstepped its authority when issuing such amendments after *McCall* was decided. [United States's Resp., Doc. 27, at 8].

The United States is correct, as affirmed by the recent Sixth Circuit decision in *United States v. Bricker*. *Bricker* concerns several District Court decisions that either granted or denied a prisoner's motion for relief under § 3582(c)(1)(A). Each motion was based on § 1B1.13(b)(6), arguing that the defendants in each case received an "unusually long sentence" based on non-retroactive changes in the law. *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025). Ultimately, the Sixth Circuit determined that, considering *McCall*, the United States Sentencing Commission had overstepped its authority when issuing § 1B1.13(b)(6). *Id*. As a result, Sixth Circuit held that § 1B1.13(b)(6) is invalid. *Id*. at 443.

Because the Sixth Circuit has held that § 1B1.13(b)(6) is invalid, this Court has no authority on which to consider Mr. Vaughan's motion for a sentence reduction on those grounds. Mr. Vaughan also presents another factor which he states weighs in favor of a sentence reduction under §1B1.13(b)(5). § 1B1.13(b)(5) allows courts to consider as extraordinary and compelling circumstances that, either together with other recognized circumstances or alone, "are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). In support of this argument, Mr. Vaughan points to his "strong rehabilitative efforts, combined with his unusually long sentence." However, without the ability to rely on an "unusually long sentence" as a basis for establishing extraordinary and compelling reasons for a sentence reduction, rehabilitative efforts cannot constitute such circumstances alone. See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Because § 1B1.13(b)(6) has been deemed invalid by the Sixth Circuit and the Court cannot consider Mr. Vaughan's rehabilitative efforts alone as an extraordinary and compelling circumstance, Mr. Vaughan has presented no circumstances that may be considered extraordinary and compelling to grant a sentence reduction under § 3582(c)(1)(A). Further, because the Court finds

that no extraordinary and compelling circumstances exist to grant a sentence reduction, it finds a discussion of the § 3553(a) factors unnecessary.

### III. CONCLUSION

Mr. Vaughan has not identified an extraordinary and compelling reason for a sentence reduction or release under §3582(c)(1)(A). Therefore, his motion for a sentence reduction under § 3582(c)(1)(A) is **DENIED**.

So Ordered.

ENTER:

s/ J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
